sented the amount collected minus the attorney's fees, until three weeks after the receipt thereof.   It appears that the attorney received the said check for $25.73 on December 10, 1908, and that on August 9, 1909, he sent a check to the plaintiffs for the difference between his fee and. the amount received, amounting to said sum of $22.83; the said attorney testifying that the plaintiffs kept the check for a period of about three weeks, when they returned it to him with a letter from their present attorney stating that they had not authorized him to settle the claim.   The letter in question was not put in evidence, and the plaintiffs gave no further proof than that the check was returned by them, without stating the date of the return.   We do not think that the facts proved were sufficient to establish a ratification. Hopkins v. Clark, 7 App. Div. 207, 213, 40 N. Y. Supp. 130; Burnham v. Lawson, 118 App. Div. 389, 391, 103 N. Y. Supp. 482.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellants to abide the event.   All concur.

---

ÆTNA LIFE INS. CO. v. DU PARQUET, HUOT & MONEUSE CO.

(Supreme Court, Appellate Term.   January 21, 1910.)

1. Insurance (§ 183*)—Indemnity Policy—Payment of Premiums—Liability.
    Where policies were issued to defendant, insuring it against liability for injuries to its employés in certain designated premises, and defendant leased other adjacent premises, which it occupied in connection therewith as executive offices, the entrance being through the original premises, the street numbers of which were still claimed by defendant as its address, the new premises were only an addition to the old, and were covered by the policies, so as to render defendant liable for the premiums based on the amount of wages of employés thereon.
    [Ed. Note.—For other cases, see Insurance, Dec: Dig. § 183.*]

2. Evidence (§ 178*)—Admissibility—Best and Secondary.
    Where, in a suit for the premiums due on insurance policies, the originals had been lost, the copies were proper secondary evidence to prove their contents, where the plaintiff's witness testified that he had compared them with the originals and that they were true copies.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 580–594; Dec. Dig. § 178.*]

    Giegerich, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Ætna Life Insurance Company against the Du Parquet, Huot & Moneuse Company.   From a judgment dismissing the complaint, plaintiff appeals.   Reversed.

See, also, 104 N. Y. Supp. 375.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Winter & Winter, for appellant.

Hollander, Bernheimer & Bernheimer, for respondent.

LEHMAN, J.   The plaintiff has brought two actions to recover premiums claimed to be due upon policies of insurance issued by it

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and insuring the defendant against liability arising from injuries to its employés employed at certain designated premises. The premiums were to be based upon the amount of wages paid by the defendant to the employés covered by these policies. The policies covered premises 43 and 45 Wooster street and the ways adjacent thereto. They also covered other designated premises, but No. 41 Wooster street was not included specifically in such designations.

At the trial it appeared that 43 and 45 Wooster street was a single building occupied by the defendant; that after the first of these policies was issued the defendant leased the premises known as No. 41 Wooster street, and connected the rear of those premises with their establishment at 43 and 45 Wooster street. If these connected premises became part of 43 and 45 Wooster street, then upon the undisputed facts the plaintiff is entitled to recover the amount demanded in the complaint. The additional premises were used as executive offices of the defendant corporation. The usual entrance to these offices was through their former premises at 43 and 45 Wooster street. They were connected with the old premises by iron doors. Moreover, the defendant's bill head states their address as 43 and 45 Wooster street. It seems to me that under these circumstances the executive offices, situated technically in No. 41, were regarded simply as an addition to the old premises, and that the description in the address of 43 and 45 Wooster street was intended to, and did, cover also these offices. The premiums were based upon the risk assumed by the plaintiff. If an injury had occurred in the new premises, it seems to me that the plaintiff could not have restricted its liability to the old premises. If its liability extended to the new premises, then, also, its right of compensation extended thereto.

I find no error in the admission of evidence. The copies of the policies were properly proven. It is undisputed that the original policies have been destroyed. The plaintiff's witness testifies that he has compared the copies with the originals, and that they were true copies. These copies, therefore, became proper secondary evidence to prove the contents of the originals. They were not mere memoranda to refresh the memory of the witness, which could not be introduced in evidence, if the witness could thereafter testify, without referring to the memoranda, as to the contents of the originals. It seems to me that they were themselves evidence, and, having been properly proven, were admissible.

The judgments should therefore be reversed, and judgments directed for the plaintiff for the amount demanded in the complaints.

DAYTON, J., concurs.

GIEGERICH, J. (dissenting). I am compelled to dissent from the conclusion reached by my Associates in these cases. After the defendant had taken out a policy specifically covering various locations, including Nos. 43 and 45 Wooster street, I do not think it could have been permitted to extend the liability of the plaintiff as insurer to the adjacent and separate building, No. 41 Wooster street, in the absence of the consent and approval and acceptance by the plaintiff

of such additional building, which might be more hazardous to the persons employed therein, and might be a building which the plaintiff would have been unwilling to accept. If the plaintiff's responsibility could thus be extended without its knowledge or consent to one additional building, it might be extended with equal reason to any number of additional buildings, and its attempted protection of itself by the specification of the buildings covered by its policy would be defeated without any fault on its part. If the plaintiff could not be held liable for injuries occurring in such additional building, then the defendant ought not to be held liable for the added premium based upon the compensation paid its employés engaged in such additional building. So much for the policy taken out before No. 41 was occupied by them.

Passing, now, to the policy which was taken out after they had made such addition, I think the grounds are equally strong for reaching the same conclusion. Although the schedule as to location of plants was changed, so as to include the new location of one of the defendant's plants, no mention is made of No. 41 Wooster street.

I am of the opinion that the judgments should be affirmed, with costs.